**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


LOCAL 67, OPERATIVE PLASTERERS
AND CEMENT MASONS'
INTERNATIONAL ASSOCIATION, AFL-
CIO,

        Plaintiff,

                                        Civil Case Number: 04-73022
v.

GEM MANAGEMENT COMPANY, INC..             JUDGE PAUL D. BORMAN
                                         MAG. JUDGE STEVEN PEPE
        Defendant.
_____ /

GEM MANAGEMENT COMPANY, INC..

        Third-Party Plaintiff,

v.

BRICKLAYERS & ALLIED
CRAFTWORKERS LOCAL 9, AFL-CIO,

        Third-Party Defendant.
_____ /


**ORDER DENYING DEFENDANT/THIRD-PARTY PLAINTIFF GEM MANAGEMENT**
**CO., INC.'S MOTION FOR RECONSIDERATION**


Before the Court is Defendant/Third-Party Plaintiff GEM Management Co., Inc.'s

("GEM") Motion for Reconsideration of the Court's March 8, 2006 Order Accepting Magistrate

Judge Pepe's Report and Recommendation.   Having reviewed GEM's motion, the Court

DENIES the Motion for Reconsideration.


1

I.      **PROCEDURAL HISTORY**

The specific facts of the case are as set forth in detail in Magistrate Judge Pepe's Report and Recommendation, *Local 67, Operative Plasterers and Cement Masons' Int'l Assn v. GEM Managerment Co., Inc.*, Case No. 04-73022, 2006 U.S. Dist. LEXIS 21505 (E.D. Mich. Jan. 9, 2006) (unpublished).  On August 6, 2004, Plaintiff Plasterers 67 filed a complaint in this Court against GEM under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, seeking to enforce a decision by the Joint Grievance Board ("JGB").  This Court denied GEM's Motion to Dismiss on April 12, 2005, for failure to join Bricklayers & Allied Craftworkers Local 9, AFL-CIO ("Bricklayers 9") as an indispensable party under Federal Rule of Civil Procedure 19.  On April 22, 2005, GEM filed its answer asserting that Plasterers 67's grievance was filed after its 2000 Architectural Contractors Trade Association ("ACT") agreement with GEM was terminated, and thus the JGB had no jurisdiction over GEM when it held its hearings and issued its decision on May 27, 2004.

On May 13, 2005, GEM filed a Third-Party Complaint against Bricklayers 9, alleging that both labor organizations' collective bargaining agreements assert jurisdiction over work performed in Lapeer and St. Clair counties, where GEM is located.  GEM asserted that if it is required to pay the contested pension contributions to Plasterers 67, then Bricklayers 9 should refund the money GEM paid Bricklayers 9 toward its pension fund.  Bricklayers 9 responded that GEM failed to defend itself at the GEM/Plasters 67 arbitration before the JGB and allowed a default judgment to be entered.

Bricklayers 9 filed its Motion to Dismiss GEM's Third-Party Complaint on June 22, 2005.  The matter was referred to Magistrate Judge Pepe, pursuant to 28 U.S.C. § 636(b)(1)(A)

and, subsequently, GEM filed its response.  On January 9, 2006, Magistrate Judge Pepe issued

his Report and Recommendation in favor of Bricklayers 9's Motion to Dismiss GEM's Third-

Party Complaint.  GEM filed its objections on January 23, 2006.  Bricklayers 9 filed its response

on February 6, 2006, and GEM filed its reply on February 9, 2006.  This Court entered an Order

adopting Magistrate Judge Pepe's Report and Recommendation in its entirety on March 8, 2006.

GEM filed the instant Motion for Reconsideration on March 22, 2006.

## II.    ANALYSIS

### A.    Standard

Pursuant to Rule 7.1(g)(3) of the Local Rules for the Eastern District of Michigan, a

motion for rehearing or reconsideration may be filed within ten days after the entry of the

decision to which it objects.  *See also* Fed. R. Civ. P. 59(e) (allowing a party to file a Motion to

Alter or Amend Judgment within ten days of entry of the Judgment).  A Motion for

Reconsideration will be granted if the moving party demonstrates that the court's order contains

"a palpable defect by which the court and parties have been misled," and that "correcting the

defect will result in a different disposition of the case." L.R. 7.1(g)(3).  A "palpable defect" is a

defect which is obvious, clear, unmistakable, manifest or plain. *Marketing Displays, Inc. v.*

*Traffix Devices, Inc*., 971 F. Supp. 262, 278 (E.D. Mich. 1997) (internal citation omitted).

### B.    Discussion

GEM seeks reconsideration of the Court's March 8, 2006 Order Accepting Magistrate

Judge Pepe's Report and Recommendation.  GEM contends that the Magistrate Judge's finding

that GEM had knowledge of the overlapping work jurisdictions in of the collective bargaining

agreements constituted a palpable defect.

The Court finds that GEM failed to show that it was palpable error for the Court to adopt

the Magistrate Judge's Report and Recommendation.  GEM contends that the Magistrate Judge's

assumption of malfeasance on the part of GEM, by knowingly entering two collective bargaining

agreements with overlapping work jurisdictions, is contrary to NLRB findings.

In his Report and Recommendation, Magistrate Judge Pepe stated that:

> [T]his case does not involve an employer whose only 'wrongful act' was being
> involved in a merger . . . GEM did, or failed to do, far more than entering into a
> merger.  It signed [collective bargaining agreements] with two unions promising
> fringe benefit contributions for work done at certain sites, and these promises
> overlapped on work done in St. Clair and Lapeer counties, and possibly portions
> of Macomb County.[1]

(Report and Recommendation 18).

However, GEM is incorrect in arguing that the Magistrate Judge based his Report and

Recommendation on whether GEM had knowledge of the terms of the 2000 ACT agreement

with Plasters 67 at the time that it was signed.  The Magistrate Judge's finding was based on the

fact that GEM was bound by an arbitration clause in the CBA.  Magistrate Judge Pepe stated that

GEM could have resolved certain conflicts in a proceeding before the NLRA, or sought a joint

arbitration with Plasters 67 and Bricklayers 9, when Plasters 67 sought arbitration before the

---

[1] GEM also implies that the Magistrate Judge was incorrect in distinguishing the instant
case from the cases it cited:  *Int'l Ass'n of Machinists v. Howmet Corp.*, 466 F.2d 1249 (9th Cir.
1972), and *McGuire v. Humble Oil & Refining Co.*, 355 F.2d 352 (2nd Cir. 1966).  GEM cited
these cases to show that it was "excused from exhausting the grievance procedure prior to
joining Local 9 in this litigation because, among other things, complying with multiple
arbitration clauses could subject GEM to inconsistent arbitration awards and cause industrial
strife."  (*Id*. at 7).  However, *Howmet* and *McGuire* are not on point, as the plaintiffs in those
cases merged with other companies, resulting in the merged company dealing with current
employees under one arbitration agreement, and former employees under another arbitration
agreement.  Here, the conflicting collective bargaining agreements are not the result of a merger
and therefore distinguishable.

4

JGB.  (*Id*. at 18-19).  Magistrate Judge Pepe concluded that:

> At the root of GEM's claim against Local 9 is a dispute concerning payments of fringe benefits contributions to Local 9's fringe benefit funds for work done by Local 9's members under a CBA between GEM and Bricklayers 9. Thus, this claim is related to the respective parties' rights and obligations under this CBA and prima facie appears to be covered by that CBA's arbitration clause. GEM has failed to seek contractual arbitration with Bricklayers 9 as its CBA requires.  Nor has it demonstrated why this Court should disregard its agreed upon means for dispute resolution.  Thus, it is recommended that Bricklayers 9's motion to dismiss under Rule 12(b)(6) be granted as it was in [*United Food and Commercial Workers, Local 17A v.] Fresh Mark*, 81 Fed. Appx. 23, 24 (6th Cir. 2003),  and [*United Ass'n of Journeymen v.*] *Ross Bros Const.*, 191 F.3d 714, 718 (6th Cir. 1999) [].

(*Id*. at 21).  Therefore, the Magistrate Judge recommended granting Bricklayers 9's Motion to

Dismiss because GEM failed to follow the arbitration provision in its CBA with Bricklayers 9.

Accordingly, the Court finds that GEM failed to show a palpable defect by this Court's

acceptance of the Magistrate Judge's Report and Recommendation.  Therefore, GEM's Motion

for Reconsideration is DENIED.

**SO ORDERED.**

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 27, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 27, 2006.

S/Jonie Parker
Case Manager

5