**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LOCAL 67, OPERATIVE PLASTERERS
AND CEMENT MASONS'
INTERNATIONAL ASSOCIATION, AFL-
CIO,

    Plaintiff,

v.

GEM MANAGEMENT COMPANY, INC.,

    Defendant.
_____  /

GEM MANAGEMENT COMPANY, INC.,

    Third-Party Plaintiff,

v.

BRICKLAYERS & ALLIED
CRAFTWORKERS LOCAL 9, AFL-CIO,

    Third-Party Defendant.
_____  /

Civil Case Number: 04-73022

JUDGE PAUL D. BORMAN
MAG. JUDGE STEVEN PEPE

**ORDER DENYING DEFENDANT/THIRD-PARTY PLAINTIFF GEM MANAGEMENT
CO., INC.'S EX PARTE MOTION FOR ORDER INCLUDING A RULE 54(b)
STATEMENT (DOCK. NO. 87)**

Before the Court is Defendant/Third-Party Plaintiff GEM Management Co.'s ("GEM") July 17, 2006 Ex Parte Motion for Order Including a Rule 54(b) Statement. Having reviewed GEM's motion, the Court DENIES the Ex Parte Motion for Order Including a Rule 54(b) Statement.

1

The specific facts of the case are as set forth in detail in Magistrate Judge Pepe's Report and Recommendation, *Local 67, Operative Plasterers and Cement Masons' Int'l Ass'n v. GEM Mgmt. Co.*, Case No. 04-73022, 2006 U.S. Dist. LEXIS 21505 (E.D. Mich. Jan. 9, 2006) (unpublished).

On May 13, 2005, GEM filed a Third-Party Complaint against Bricklayers 9, alleging that both labor organizations' collective bargaining agreements assert jurisdiction over work performed in Lapeer (MI) and St. Clair (MI) counties, where GEM is located.  Bricklayers 9 filed its Motion to Dismiss GEM's Third-Party Complaint on June 22, 2005.  The matter was referred to Magistrate Judge Pepe, pursuant to 28 U.S.C. § 636(b)(1)(A).

On January 9, 2006, Magistrate Judge Pepe issued his Report and Recommendation in favor of Bricklayers 9's Motion to Dismiss GEM's Third-Party Complaint.  This Court entered an order adopting Magistrate Judge Pepe's Report and Recommendation in its entirety on March 8, 2006 (Dock. No. 84).  On June 27, 2006, the Court denied GEM's Motion for Reconsideration of the Court's order adopting the Report and Recommendation (Dock. No. 86).

GEM argues that neither the Court's March 8, 2006 order accepting the Report and Recommendation, nor the Court's June 27, 2006 order denying reconsideration, contain a Rule 54(b) statement which directs the entry of a final judgment as to GEM's claims against Local 9.  GEM contends that it should be able to seek immediate appellate review of the Court's orders to avoid duplicative litigation, and to limit expenses and time for all parties involved.  GEM request that this Court certify the Court's orders as appealable.

Federal Rule of Civil Procedure 54(b) states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are

> involved, the court *may* direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

(emphasis added).

The court's power under Federal Rule of Civil Procedure 54(b) is "largely discretionary, to be exercised in light of judicial administrative interests as well as the equities involved, and giving due weight to the historic federal policy against piecemeal appeals." *Reiter v. Cooper*, 507 U.S. 258, 265 (1993) (citation and quotations omitted). Further, Rule 54(b) "does not tolerate immediate appeal of every action taken by a district court." *Gen. Acquisition Inc. v GenCorp.*, 22 F.3d 1022, 1026 (6th Cir. 1994). "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). "The rule is intended to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." *Good v. Ohio Edison Co.*, 104 F.3d 93, 95 (6th Cir. 1997).

The Court recognizes that, at this time, it has yet to address Local 9's appeal of the Magistrate Judge's order. To grant GEM's motion before the Court addresses Local 9's appeal, and before the case is resolved between the original litigants, would create a piecemeal appeal.

Further, the Court does not find that its orders of March 8, 2006 and June 27, 2006 are

immediately appealable, even though the claims addressed in those orders are separable, to a certain extent, from the remaining unresolved claims. The Court recognizes that Rule 54(b) does not tolerate immediate appeal of every action. Accordingly, in its discretion, the Court DENIES GEM's Ex Parte Motion for Order Including a Rule 54(b) Statement. GEM will have its opportunity to appeal at the conclusion of the case.

    **SO ORDERED.**

                                              s/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: February 5, 2007

                          CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 5, 2007.

                                              s/Denise Goodine
                                              Case Manager